Eric H. and Constance M. PAIGE, Plaintiffs,

v.

Douglas DILLON, Secretary of the Treasury, Mortimer M. Caplin, Commissioner of Internal Revenue, Charles A. Church, New York District Director of Internal Revenue, and Otto W. Rakow, Revenue Officer, Internal Revenue Service, Defendants.

United States District Court
S. D. New York.
March 29, 1963.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York for defendants. Clarence M. Dunnaville, Jr., New York City, Asst. U. S. Atty., of counsel.

Eric H. Paige, New York City, for plaintiffs.

SUGARMAN, District Judge.

Plaintiffs' demand in their complaint "that a temporary injunction and a permanent injunction be issued halting the collecting efforts of the defendants pending the settlement of the issues in this matter" which would enjoin the collection of the 1960 Federal Income Tax of plaintiff Eric H. Paige, *admittedly due*, is forbidden by § 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421(a). Only where the "United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1961). Here plaintiffs admit in the first paragraph of their complaint that plaintiff Eric H. Paige owes a balance of $1200 on his 1960 Federal Income Taxes.

\* \* \* \*

Plaintiffs' demand in their complaint for a declaration of the unconstitutionality of unspecified "regulations of the Internal Revenue Service" under which defendant Rakow "a Revenue Officer" allegedly visited plaintiffs' residence, filed notices of lien in New York County, and with plaintiff Eric H. Paige's bank, employer and tenant, prays for relief specifically forbidden by the Declaratory Judgment Act, 48 Stat. 955, as amended by 49 Stat. 1027, 28 U.S.C.A. § 2201. The remedy of a declaration of rights and legal relations was created "except with respect to Federal Taxes". The proscription is absolute even where it is charged in the complaint, as here, that plaintiffs, by virtue of the actions of defendant Rakow above summarized, have "been held up to derision and scorn and made an outcast from society in the manner of Jean Valjean for petty violation of a statutory law involving a nonpayment of a debt" and have been "subjected to practices of debtor-creditor relationships indulged in by usurers and money lenders at the time of the Inquisition, and subjected to an interpretation and philosophy of law based upon the principles of philosophy of Shylock".

Even assuming that defendant Rakow's acts pursuant to the unspecified Internal Revenue Service's regulations produced the dire results claimed, the regulations certainly were "with respect to Federal Taxes" and thus excluded from the reach of a declaratory judgment as to their validity. Jolles Foundation v. Moysey, 250 F.2d 166 (2d Cir., 1957).

\* \* \* \*

Plaintiffs' demand in their complaint "that the remittance in the sum of $180.-00 feloniously converted by the Defendant Rakow to his own use be restored to the Plaintiff" must be read with other parts of the complaint. It is charged that Rakow "caused a Notice of Lien to be served on a tenant of Plaintiff \* \* " and "did possess himself of a remittance of the \* \* \* tenant, which remittance was payable to the Plaintiff in the sum of One Hundred Eighty ($180.00) Dollars and said Rakow did feloniously convert the proceeds of said remittance to the use and benefit of the Defendants".

■ If strictly read, the charge is that either Rakow or he and the other defendants pocketed the $180. If that is the intendment of the claim the complaint is defective for failure to plead jurisdiction. F.R.Civ.P. 8(a)(1).

■ If, as is more likely, the claim is that the $180 was applied to plaintiff Eric H. Paige's tax liability and plaintiffs in this action seek a refund thereof, it cannot be entertained because it does not appear that plaintiffs complied with § 7422(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7422(a) which makes the filing of a claim for refund with the Secretary or his delegate a condition precedent to suit under 28 U.S. C.A. § 1346(a)(1). Cohen v. United States, 297 F.2d 760, 772 (9th Cir., 1962), cert. denied, 369 U.S. 865, 82 S. Ct. 1029, 8 L.Ed.2d 84 (1962).

■ Finally, if the claim be read to mean that plaintiffs seek damages under the Federal Tort Claims Act, 60 Stat. 842 as amended, for the "felonious" taking of the $180, that Act specifically excepts "[a]ny claim arising in respect of the assessment or collection of any tax * * *." 28 U.S.C.A. § 2680(c).

\* \* \* \*

Plaintiffs' demand in their complaint "that Plaintiff's offer to liquidate the unpaid balance due shall be given consideration upon terms that are reasonable and equitable" must be read with other parts of the complaint. It is charged that plaintiff Eric H. Paige "offered to pay Defendants the balance due * * * in reasonable installments, which offer has been declined by the Defendants except upon terms and conditions that are harsh and oppressive and have no purpose except to make more difficult the liquidation of Plaintiff's obligation, * * *" and that said plaintiff's offer to pay $500 immediately and the remaining balance within six months if defendants would first vacate the lien was refused.

■ Fairly read, the claim seeks mandamus to compel defendants to accept plaintiff Eric H. Paige's offer of amortization of his tax liability on his terms. The complete answer is supplied by Jolles Foundation v. Moysey, supra, 250 F.2d at 169 where it was said:

"It is clear that the district court was without general original jurisdiction to issue an order compelling a public official to act with respect to his official duties" (cases cited).

\* \* \* \*

■ Plaintiffs' demand in their complaint "that Plaintiff's rights guaranteed to him by the Fourth, Fifth, Seventh and Eighth Amendments to the Constitution be restored to him" assumes, as the complaint otherwise claims that, in summary:

| The act (or omission) of | Deprived plaintiffs of the protection of Amendment to the Constitution numbered |
| --- | --- |
| Defendant Rakow's visiting plaintiffs' home | Fourth |
| Filing of the notice of lien in New York County; service thereof on plaintiff Eric H. Paige's bank, employer and tenant | Fourth, Fifth and Seventh |
| Collecting the $180 from the tenant | Fourth, Fifth and Seventh |
| Failure by defendants to accept plaintiff Eric H. Paige's offer of amortization of his tax liability | Fourth, Fifth, Seventh and Eighth |

What plaintiffs claim without specification to be deprivation of constitutional rights are no more than a proper discharge of duties imposed by law on defendants in the collection of a tax which plaintiff Eric H. Paige admits he owes to the government.

Defendants' motion to dismiss the complaint under F.R.Civ.P. 12(b) (1) and (6) is granted.

It is so ordered; no further order is necessary.