**UNITED STATES of America, Plaintiff,**

**v.**

**Henry T. BANNER and Henry T. Banner, d/b/a Mohawk Valley Construction Company, Defendant.**

Civ. No. 8806.

United States District Court
N. D. New York.

Dec. 30, 1963.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., George T. Burke, Asst. U. S. Atty., Albany, N. Y., Robert J. Cooney, Atty., Dept. of Justice, Washington, D. C., of counsel, for plaintiff.

Robert B. Shaad, Watertown, N. Y., for defendant.

BRENNAN, District Judge.

Plaintiff, by its amended complaint, sues to recover from the defendants some $50,000., plus interest on account of federal income, withholding, unemployment and social security taxes, assessed against defendants covering a time period from 1953 to 1957.

The original answer, which is assumed is to stand as the answer to the amended complaint, sets up a fifth and sixth

separate defense and counter-claim by reason of which affirmative judgment against the plaintiff in the amount of about $50,000. with interest is demanded.

The plaintiff moves to dismiss the counter-claims based upon this court's lack of jurisdiction in that the plaintiff has not consented to be sued and the counter-claims fail to state a claim upon which relief can be granted as alleged therein. The background of facts, gathered from the pleadings, is briefly set out below.

At all pertinent times, the defendants were engaged in the construction or contracting business and as such became liable for the taxes referred to in the complaint. The counter-claim in the answer, designated as "FIFTH", alleges in substance that certain accounts receivable owned by and payable to the defendants were levied upon by the District Director of Internal Revenue in 1956 and that said Director and employees of the Revenue Service, acting as the agents of the plaintiff, "neglected and failed to take any action or steps to collect same or to institute the necessary proceedings and actions"—all to defendants' damage. The counter-claim, designated as "SIXTH", repeats the above allegations and alleges that the failure of the agents of the plaintiff to institute legal proceedings to collect said accounts, after levying upon same, constituted a conversion thereof.

In the first place, the defendants failed to allege the jurisdictional basis of either of said counter-claims. Rule 8 F.R. Civ.P. The only possible basis of this court's jurisdiction would seem to rest however in the provisions of the Federal Tort Claims Act.

The sixth counter-claim, which alleges a conversion of the accounts receivable, can be quickly disposed of. There is no statute which indicates that the United States may be held liable in an action for conversion. Even the Tort Claims Act, by its terms, limits the right of action and recovery to injury or damage based upon negligence. The citation of U. S. v. Finn, 9 Cir., 239

F.2d 679 is a sufficient legal precedent which requires that such counter-claim must be dismissed.

The fifth counter-claim is based upon allegations of negligence on the part of the plaintiff or its agents. The action however is one brought to recover a tax and the provisions of the Federal Tort Claims Act are not available to the defendants. The provisions of 1346(b), which subjects the Government to suit for damages, occasioned by the negligence of its employees is limited by the exception found in 28 U.S.C. 2680(c) which exempts the Government from suit in the matter of any claim arising out of the assessment or collection of any tax. The language of the statute itself disposes of the claim and the citation of Broadway Open Air Theatre v. U. S., 4 Cir., 208 F.2d 257 is a sufficient judicial precedent to require that this claim also must be dismissed.

It is concluded that the motions made by the plaintiff should be granted and the fifth and sixth counter-claims, as set out in the answer, are dismissed, and it is

So ordered.