Wesley Collins PUGH

v.

INTERNAL REVENUE SERVICE [1].

Civ. A. No. 78–195.

United States District Court,
E. D. Pennsylvania.

June 7, 1979.

1. Plaintiff brings this action against the Commissioner of the Internal Revenue Service, Jerome Kurtz, the Philadelphia District Director of the Internal Revenue Service, James T. Rideoutte, the Internal Revenue Service, the Department of the Treasury and the United States. It has been held that the Treasury Department and the Internal Revenue Service are not parties subject to suit. *Baumohl v. Columbia Jewelry Co.*, 127 F.Supp. 865, 867 (D.Md.1955); *Washburn v. Shapiro*, 409 F.Supp. 3, 8 (S.D.Fla.1976). An action against the Internal Revenue Service is effectively one against the United States. *Terrapin Leasing, Ltd. v. United States*, 449 F.Supp. 7, 8 (W.D. Okla.1978).

Wesley Collins Pugh, pro se.

Peter F. Vaira, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an action for damages and injunctive relief brought by plaintiff, pro se. The matter is before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In order to ascertain the basis for plaintiff's claims, the Court has considered plaintiff's original complaint, his first and second amended complaints, supporting documents filed with the amended complaints and several letters addressed to the Court.

A review of the above mentioned materials reveals that plaintiff's action arises from an audit of his 1975 income tax return. On or about May 25, 1977, plaintiff reported to the Audit Division of the Internal Revenue Service (IRS) in Philadelphia at the request of IRS. After reviewing plaintiff's return, plaintiff's vehicle usage and home-office space deductions were questioned by the IRS auditor. The auditor requested that plaintiff produce verification from his employer regarding the deduction for vehicle usage. Plaintiff explained the basis for the deduction and the reason for his inability to secure employer verification.

The auditor accepted plaintiff's explanation for the amount of mileage involved, but the explanation for the home-office deduction was not accepted.

Plaintiff was advised of his right to appeal within the IRS. Plaintiff appealed to the next administrative level whereupon plaintiff's vehicle usage deductions were permitted; however, his home-office deduction was again rejected. Plaintiff objected to the amount of the deficiency assessed and was thereupon advised of his right to contest the deficiency assessment.

Plaintiff's complaints focus on the conduct of IRS auditors. Plaintiff claims that at the initial audit his protests concerning IRS estimates of certain mileage figures, gasoline costs, room capacities and similar factors were met by "threats" that the audit process would begin anew with strict adherence to all record-keeping requirements. Plaintiff complains that the attitude of the auditors prevented just assessments.

Plaintiff brings this action for damages and injunctive relief against the IRS, the Department of the Treasury, the United States, the Commissioner of IRS, Jerome Kurtz, and the District Director of the IRS, James T. Rideoutte, claiming that his civil rights have been violated and that he has suffered injury due to the negligence of the defendants in the overall handling of the audit process. Plaintiff requests $400,000 in damages and an injunction to preclude further tortious conduct.

Plaintiff's claims are premised on the due process and equal protection clauses of the Fourteenth Amendment and 42 U.S.C. § 1983.

## THIS IS A PRO SE COMPLAINT

Pro se complaints are held to less stringent requirements than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652; *Fischer v. Cahill*, 474 F.2d 991, 993 (3d Cir. 1973); *United States ex rel. Tyrrell v. Speaker*, 471 F.2d 1197, 1201 (3d Cir. 1973); *Marshall v. Brierly*, 461 F.2d

929, 930 (3d Cir. 1972); *Stanley v. Veterans Administration*, 454 F.Supp. 9, 11 (E.D.Pa. 1978). A most sympathetic reading of plaintiff's allegations is that the Internal Revenue Service through the actions of the individual defendants violated the civil rights of plaintiff under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and under the due process and equal protection clauses of the Fourteenth Amendment. In addition, plaintiff claims that he has suffered injury due to the tortious conduct of the defendants during the audit of his 1975 return. Plaintiff requests money damages and injunctive relief.

### ALLEGATIONS REGARDING CIVIL RIGHTS AND CONSTITUTIONAL CLAIMS

■ Plaintiff's civil rights claim is premised on a violation of 42 U.S.C. § 1983. In accordance with the recent pronouncement of the Supreme Court in *Chapman v. Houston Welfare Rights Organization*, —— U.S. ——, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), section 1983 is not a statute that secures "civil rights," but simply provides a remedy. Furthermore, a requisite for pursuing a remedy under section 1983 is that the defendant acted under color of state law. In the instant case, plaintiff complains about the actions of federal officers acting under color of federal law; therefore, section 1983 is not a remedy available to the plaintiff. *Bethea v. Reid*, 445 F.2d 1163, 1164 (3d Cir. 1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1972).

Plaintiff's constitutional claims are premised on violations of the due process and equal protection clauses of the Fourteenth Amendment. Although the Fourteenth Amendment applies only to the states, we shall consider whether the plaintiff has stated a due process or equal protection claim under the Fifth Amendment which would apply to the actions of federal officers.

A sympathetic reading of plaintiff's complaint reveals his apparent desire for a conference with the defendant district director. Such a conference was arranged, and, after plaintiff's meeting with the district director, the plaintiff stated in documents filed with the Court that his conference "corrected" any due process violations.

■ Again reading the plaintiff's allegations sympathetically, we have been unable to find any allegations of discrimination or other conduct which would support an equal protection violation. In addition, we have carefully scrutinized all the documents submitted by the plaintiff and have been unable to find any statement therein which could be interpreted as alleging a violation of any constitutional right.[2]

### ALLEGATIONS REGARDING TORT CLAIMS

■ It is well settled that all tort claims against the United States can only be brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* However, the Federal Tort Claims Act specifically provides that the Act and 28 U.S.C. § 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." Plaintiff's tort claims concern the allegedly tortious conduct of IRS employees engaged in auditing plaintiff's 1975 return to determine and assess a deficiency. Such tortious claims arise "in respect of the assessment of tax" and are therefore specifically excluded from the Federal Tort Claims Act. *Morris v. United States*, 521 F.2d 872 (9th Cir. 1975). In *Morris*, the Court stated:

> The alleged conduct of the IRS agents, if true, would be deplorable; nevertheless, the district court lacked subject matter jurisdiction over the claims against them. Although the Federal Tort Claims Act does not bar damage actions against individual federal employees, the Act merely permits certain types of actions

---

2. One must look to the Constitution itself in deciding whether it affords protection to any supposed right. *See San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 34–35 (1973); *Lindsey v. Normet*, 405 U.S. 56, 72, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972).

against the United States. The Act does not create a general federal cause of action for tortious conduct against federal employees. For a claim against other parties to be joined with a claim against the United States under the Federal Tort Claims Act, an independent ground for jurisdiction must exist. *Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969).

Furthermore, the Federal Tort Claims Act requires as a prerequisite that the action in tort against the government must first be presented to the appropriate federal agency. 28 U.S.C. § 2675.

Again sympathetically examining the plaintiff's allegations, we find that he has not set forth any basis on which his complaint can be interpreted as alleging a cause of action against any individual defendant in his individual capacity.[3]

## REQUEST FOR INJUNCTIVE RELIEF

■ Finally, plaintiff requests this Court to grant injunctive relief against similar future conduct by defendants. The Internal Revenue Code, 26 U.S.C. § 7421(a) provides:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), stated that the purpose of this section was to permit the United States to assess and collect taxes without judicial intervention. Plaintiff contends that he does not contest the assessment, but wishes to enjoin the tortious conduct of defendants. Notwithstanding this argument, plaintiff's request for injunctive relief is barred by section 7421(a). In *Black v. United States*, 534 F.2d 524 (2d

Cir. 1976), the Court considered an action involving allegations of harassment by IRS employees wherein the plaintiffs claimed that their constitutional rights had been violated. The plaintiffs requested injunctive relief. The Court rejected plaintiffs' contention that they were not contesting the tax liability but wished only to end the IRS harassment and held that the Court was without jurisdiction to grant the injunctive relief by virtue of section 7421(a).

Accordingly, an Order will be entered granting the defendants' motion to dismiss plaintiff's claims alleging civil rights and constitutional violations on the ground that the complaint fails to state a claim upon which relief can be granted and dismissing the tort claims together with the request for injunctive relief for lack of subject matter jurisdiction.

---

**3.** Although plaintiff has alleged jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, the citizenship of the individuals named is not alleged by plaintiff and diversity has not been established.