**C.F. SCOTT, Jr., Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**No. CIV–1–85–294.**

United States District Court, E.D. Tennessee, S.D.

Sept. 20, 1985.

C.F. Scott, Jr., pro se.

John C. Gill, U.S. Atty., Paul M. Predmore, Atty. Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

EDGAR, District Judge.

This matter is before the Court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6). This is a proceeding filed by a taxpayer claiming damages for various tortious acts allegedly committed by the Internal Revenue Service (hereinafter "IRS") and for a claim for moneys allegedly due and owing from the IRS. Plaintiff appears in this case *pro se.*

Defendant asserts a number of different grounds in its motion to dismiss. First, defendant argues that the IRS is not a proper party to the proceedings and that the United States of America is the only proper defendant. Incidental to this argument is the claim that proper service of process, therefore, has never been served on the defendant and that the entry of default made against the defendant should be set aside. Second, defendant claims plaintiff has failed to establish a jurisdictional basis for the present action. Third, defendant asserts that the Court lacks subject matter jurisdiction by virtue of sovereign immunity. In addition, the IRS claims

that there is no basis for a refund action under the facts plead.

## I. THE UNITED STATES IS THE PROPER PARTY.

■ Defendant asserts that the IRS is not a proper party to the present action and that the proper party is the United States of America. The Government cites a number of different cases concerning the lack of capacity of the IRS to sue or be sued, but the Court need look no further than 26 U.S.C. § 7422(f)(1) and (2) which clearly establish that the United States of America is the proper party in matters involving the collection of the federal income tax. As the IRS is not the proper party, the Internal Revenue Service will be dismissed from this action and the United States of America will be substituted as a party defendant.

■ Plaintiff, in a motion filed July 16, 1985, sought the entry of default in the present matter. A default was entered by the Clerk of the Court on July 22, 1985. The defendant now comes before this Court to set aside the entry of default for failure to have proper service of process made on the Attorney General of the United States. Federal Rules of Civil Procedure 4(d)(4) and (5). The Court finds no indication in the record that proper service of process was made on the Attorney General. Therefore, the entry of default will be set aside pursuant to Federal Rule of Civil Procedure 55(c).

## II. SUBJECT MATTER JURISDICTION IS LACKING.

■ Subject matter jurisdiction over the United States is limited by the terms of the specific statute establishing jurisdiction because of the doctrine of sovereign immunity. *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 141, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972). The United States is permitted to specify the terms upon which it may be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Based on the specific facts that are assert-

ed in the complaint, the present action must be characterized as one for either a refund of taxes or a tort claim.

■ If the present action is construed as one for a refund of taxes, the complainant is required to follow the provisions outlined in Title 26 of the United States Code. As a jurisdictional prerequisite, a claim for refund must be filed with the IRS before any court action may be undertaken. 26 U.S.C. § 7422(a). This refund action must be filed within three years from the time the return is filed or within two years from the time the tax is paid, the time limit expiring at the end of the latest period. 26 U.S.C. § 6511. After the claim for refund is filed, a suit must be filed within two years after the disallowance of the claim. 26 U.S.C. § 6532(a). The record does not reveal that a formal claim was filed.

Assuming *arguendo* that a claim was filed, the Court's best reading of the complaint indicates that the last significant event outlined in the complaint occurred or commenced in 1976 or sometime immediately thereafter. The complaint in count twelve then discusses events continuing over the next four years. At the latest, according to the complaint, the plaintiff received a notice from the Memphis Office of the IRS in 1980 that no action had been taken on inquiries made to the IRS. Assuming that some date in 1980 is the date of notification of disallowance, this action is filed outside the jurisdictional time period.

■ The complaint may also be characterized as a tort action pursuant to the Federal Tort Claims Act (the "Act"), 28 U.S.C. § 2671 *et seq.* The Act also has a number of jurisdictional prerequisites, including the requirement that an administrative claim be filed with the agency with which the dispute occurs. 28 U.S.C. § 2675(a). The defendant argues that no administrative claim has been filed and that this Court lacks jurisdiction. *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir.1972); *see also Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514–15 (6th Cir.1974). Nowhere in the complaint does an allegation appear that this jurisdictional prerequisite was satisfied.

■ Assuming for the moment that the plaintiff's various letters to the IRS could be construed as an administrative claim, the Act still prohibits tort actions which arise with respect to the assessment and collection of a federal income tax. 28 U.S.C. § 2680(c); *see American Association of Commodity Traders v. Department of the Treasury*, 598 F.2d 1233 (1st Cir.1979). The plaintiff's complaint states facts which all relate to actions dealing with the assessment or collection of taxes. *See, generally, Mack v. Alexander*, 575 F.2d 488 (5th Cir.1978); *Morris v. United States*, 521 F.2d 872 (9th Cir.1975); *Pugh v. Internal Revenue Service*, 472 F.Supp. 350 (E.D.Tenn.1979).

■ Additionally, the tort claims appear to be time barred by the Act's statute of limitations. The Act requires the filing of an administrative claim within two years after a claim arises and the filing of a lawsuit within six months after rejection of the claim. 28 U.S.C. § 2401(b). As previously stated, the last significant act occurred in either 1976 or, with a liberal reading of the complaint, in 1980. Regardless, more than two years have expired. Thus, any tort claim is barred either by the failure to abide by the jurisdictional prerequisites or by the expiration of the statute of limitations.

## III. CONCLUSION.

The law appears to be very clear on the defenses raised by the Government. Initially, the United States is substituted as a proper party in the proceeding. The new defendant is thereafter dismissed for lack of jurisdiction and for the failure of the plaintiff to state a claim upon which relief can be granted. First, the plaintiff has failed to meet the jurisdictional prerequisites under the various statutes upon which he might establish a claim. Second, the various statutes of limitations have run

based on the facts alleged in his complaint. Third, tort actions relating to the collection of income taxes are not permitted. This case will be DISMISSED and an appropriate order will be entered.

ENTER.