**CITY OF HOUSTON, Appellant,**

v.

**Danny ABER, Appellee.**

**No. B14-87-866-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 27, 1989.

Bernardo S. Garza, Houston, for appellant.

Joe B. Stephens, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

OPINION

ROBERTSON, Justice.

This is an appeal from a judgment against the city in the amount of $87,-258.89. The city argues that the trial court erred in denying its motion for a take nothing judgment and its motion to modify or vacate judgment. We affirm.

On February 14, 1985, city employee Robert Martens was driving in a non-emergency situation and in the scope of his employment when he collided with appellee Danny Aber. Aber was injured and sued both the city and Martens, individually and as an employee of the city. The jury found Martens 100% negligent and found that his

negligence was the proximate cause of Aber's injuries. Prior to submission of the case to the jury, appellee settled with Martens for $100,000 and appellant agreed to drop its indemnity claim against Martens for all liability over $100,000. The city did, however, reserve a right to contribution for judgment up to $100,000. The jury awarded damages to Danny Aber for $141,171.35 and to Lori Aber, on her loss of consortium claim, for $25,000 plus prejudgment interest in the amount of $21,087.50. The court reduced this amount by the $100,000 settlement and held the city liable for the remaining $87,258.89.

Both parties agree that the Texas Tort Claims Act applies to limit the liability of the city to $100,000. However, they disagree as to whether Martens settlement operated to extinguish the city's liability. In its motion for take nothing judgment, the city argued that the judgment should be reduced to the maximum liability under the Tort Claims Act and the settlement subtracted from that $100,000 limit, to negate any liability by the city. Appellee contends that the Texas Tort Claims Act should be liberally construed in favor of the claimant so that the court correctly credited the settlement to the entire judgment against the city. We agree with appellee.

 In the first instance, an employee and employer joined in a lawsuit as defendants are each liable for the whole amount of the judgment. *Daniel Lumber Co. v. Settlemire*, 256 S.W.2d 922 (Tex.Civ.App.—Beaumont 1953, writ ref'd n.r.e.). Secondly, a plaintiff may always settle with the employee without losing his action against the employer under respondeat superior. *Knutson v. Morton Foods, Inc.*, 603 S.W. 2d 805 (Tex.1980). In keeping with these statements of the law, and the legislative intent to resolve doubts in favor of the claimant when construing the Tort Claims Act, we find the trial court correctly applied the settlement to the full amount of the judgment. *University of Texas at El Paso v. Nava*, 701 S.W.2d 71 (Tex.App.—El Paso 1985, no writ); TEX.CIV.PRAC.REM.

CODE 101.003, 101.021, 101.023 (Vernon Supp.1989).

The settlement with Martens was not in full settlement of appellee's claim against the city. Furthermore, the credit of the settlement toward the judgment left the city with a total liability of under $100,000, which did not violate the Tort Claims Act. We distinguish *City of Houston v. LeBlanc*, 562 S.W.2d 20 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.) and *State Highway Dept. v. Pinner*, 531 S.W.2d 851 (Tex.Civ. App.—Beaumont 1975, no writ), where the court reduced the judgment to $100,000 and then credited the settlement. In both of those cases, the parties agreed that the trial court had rendered judgment in excess of the Tort Claims Act limits. Here, there is no such agreement and no compelling reason to construe the act so strictly. The city's proper remedy was indemnity against Martens; however, it waived this right. *Frantom v. Neal*, 426 S.W.2d 268 (Tex.Civ. App.—Fort Worth 1968, writ ref'd n.r.e.). Appellant's point of error is overruled.

Judgment is affirmed.