**BROADWAY OPEN AIR THEATRE, Inc. et al.**
**v.**
**UNITED STATES.**
**No. 6671.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1953.

Decided Nov. 9, 1953.

Alan G. Fleischer, Richmond, Va. (Hirschler & Fleischer, Richmond, Va., on brief) for appellants.

James R. Moore, Asst. U. S. Atty., Richmond, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from the judgment of the United States District Court for the Eastern District of Virginia in a civil action, brought under Section 1346(b) of the Federal Tort Claims Act, to recover sums of money alleged to have been wrongfully received by the United States in payment of taxes. Upon motion of defendant, the court below held that the action was barred by Section 2680(c), Title 28, U.S.C., and dismissed the action for lack of jurisdiction. The individuals who bring this appeal are preferred stockholders of Broadway Open Air Theatre, Inc., a Virginia corporation, who are suing on behalf of this corporation and on behalf of all the other preferred stockholders.

The pleadings alleged that certain individuals known as Jack H. Groh and Marie A. Groh (hereinafter referred to as "the Grohs") are the principal officers, controlling directors, and sole common stockholders of the corporation, and that they were personally indebted to the United States for an income tax deficiency. In connection with their own tax obligation the Grohs paid over to the United States sums of money belonging to the appellant corporation without color of authority and contrary to the rights of the corporation and its preferred stockholders. The pleadings further allege that the agents of the United States who received such tortiously diverted funds on behalf of the Government knew, or should have known, of these facts. It is nowhere averred that any tax deficiency was asserted against appellant corporation or that the funds received by the United States were in any manner connected with any obligation, tax or otherwise, owed by the corporation to the United States.

For this alleged wrongful conversion appellants seek redress under 28 U.S.C. § 1346(b) which provides:

"Subject to the provisions of chapter 171 of this title, the district courts, together with the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The United States filed a motion to dismiss, based essentially on two grounds: (1) the action was barred by Section 2680(c), Title 28, U.S.C., which provides, in part, that Section 1346(b) of this title shall not apply to "any claim arising in respect of the assessment or collection of any tax or customs duty * * * ."; and (2) the complaint was insufficient under Rule 23(b), Federal Rules of Civil Procedure, 28 U.S.C., in that the complaint was not verified under oath and failed to set forth the prior efforts of complainants to secure from the directors of the corporation such action as was desired. The questions presented by this appeal concern the validity of these two grounds for dismissal.

We find it unnecessary to consider the question of the sufficiency of the complaint as a derivative action, since we agree with the District Court that the action was barred by Section 2680(c) of the Federal Tort Claims Act.

It is urged by appellants that this exception, 28 U.S.C. 2680(c), does not apply when the controversy is over wrongful conversion and is unrelated to any alleged tax liability between the parties to the suit. The appellants, however, cannot escape the meaning of the statute. In plain and unambiguous terms, it specifically excepts from the provisions of Section 1346(b) "any claim arising in respect of the assessment or collection of any tax". The claim of appellants falls squarely within the broad and specific terms of the exception. The claim is clearly one "arising in respect of the * * * collection of any tax," since its basis is the collection of a tax by wrongful means on the part of the federal tax collectors. It cannot be said by appellants that their claim was not asserted as a result of the successful efforts of an agency of the United States to collect taxes.

■ It is within the discretion of Congress to impose such conditions and restrictions on the right to sue the United States as it deems proper. Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633. In the face of Section 2680 (c), therefore, we can only conclude that Congress intended to except the present civil action from the jurisdiction of the District Courts.

■ The scope of the Tort Claims Act should not be restricted by refinement of construction to defeat its obvious purpose. United States v. Yellow Cab Co., 340 U.S. 543, 555, 71 S.Ct. 399, 95 L.Ed. 523; Somerset Seafood Co. v. United States, 4 Cir., 193 F.2d 631. Yet, as was stated by Chief Justice Taft in Eastern Transportation Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472:

"The sovereignty of the United States raises a presumption against its suability, unless it is clearly shown; nor should a court enlarge its liability to suit beyond what the language requires."

No case directly in point has been brought to our attention. The District Judge, here, in his brief opinion written in the form of a letter to counsel, cited three cases: Bryan v. United States, 10 Cir., 99 F.2d 549; Chambers v. United States, D.C., 107 F.Supp. 601; Nakasheff v. Continental Insurance Co., D.C., 89 F. Supp. 87. The Chambers case alone involved the Federal Tort Claims Act. The Bryan case held that the United States is not liable for unauthorized wrongs inflicted by its officers or agents while engaged in the discharge of official duties, and that statutes granting the right to sue the United States are to be strictly construed. The Chambers case denied jurisdiction on the ground that plaintiff's claim fell within an excepted clause, since it arose out of "the detention of * * * goods or merchandise by * * * law-enforcement officer." 28 U.S.C. § 2680 (c). The Nakasheff case held that a suit against the Federal Collector of Customs for his torts was not a suit against the United States.

We think there is some force in the reliance by the United States on these extracts from the opinion of Mr. Justice Reed in the celebrated case of Dalehite v. United States, 346 U.S. 15, at pages 27, 32, 33, 36, 73 S.Ct. 956, 964, 966, 968:

"The legislative history indicates that while Congress desired to waive the Government's immunity from actions for injuries to person and property occasioned by the tortious conduct of its agents acting within their scope of business, it was not contemplated that the Government should be subject to liability arising from acts of a governmental nature or function."

"One only need read § 2680 in its entirety to conclude that Congress exercised care to protect the Government from claims, however negligently caused, that affected the governmental functions. Negligence in administering the Alien Property Act, or establishing a quarantine, assault, libel, fiscal operations, etc.. were barred."

"Not only agencies of government are covered but all employees exercising discretion."

"Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable."

Appellants further urge that if this action under Section 1346(b) is barred by Section 2680(c), they still have a remedy under 28 U.S.C. 1346(a). Whether plaintiffs would have a remedy under that section upon facts properly alleged is not before us on the record here presented. If facts were alleged in the complaint entitling plaintiffs to relief under that section, we would not allow the action to fail because they had mistakenly relied upon the wrong statutory provision; but they have made no such allegation.

We think the District Court was correct in dismissing this action for want of jurisdiction. The judgment below is, accordingly, affirmed.

Affirmed.