**STATES MARINE LINES, INC.,**
**Plaintiff,**

**v.**

**George P. SHULTZ, Secretary of the Treasury, et al., Defendants.**

**Civ. A. No. 73–8.**

United States District Court,
D. South Carolina,
Charleston Division.
May 30, 1973.

Gordon D. Schreck, Charleston, S. C., for plaintiff.

John K. Grisso, U. S. Atty. by Ronald A. Hightower, Asst. U. S. Atty., Charleston, S. C., for defendants.

## ORDER

SIMONS, District Judge.

This cause was heard by me in Chambers in Charleston, South Carolina, on April 17, 1973, upon the defendants' Motion to Dismiss the plaintiff's Complaint. Among other grounds stated, the defendants moved for dismissal upon the ground that the court lacked jurisdiction over the subject matter of the suit and that the Complaint failed to state a claim upon which relief could be granted.

The plaintiff alleged that this cause of action was based upon the Tariff Act of 1930 and related customs laws of the United States, and that it was brought pursuant to 28 U.S.C. Sections 1340 and 1361. The essence of the plaintiff's Complaint is that agents and employees of the named defendants, acting at the direction of the named defendants and with their authority, did search and seize goods and merchandise upon the vessel SS MANI on or about September 7, 1971, while the vessel was docked in navigable waters in Charleston, South Carolina. The plaintiff alleged that the search and seizure was wrongful and was accomplished without a warrant. The plaintiff further alleged that the goods and merchandise were impounded at the United States Customs House at Charleston, South Carolina, where the merchandise remained. The plaintiff alleged that thereafter the defendants failed and refused to take any action to release the merchandise to the plaintiff or to grant any other relief, and that, as a result of such conduct, the plaintiff suffered consequential damages. Plaintiff thus asserts that it has been deprived of its property without due process of law.

In addition to the claim for money damages, the plaintiff sought an Order of this court directing the defendants to return the seized goods. At the hearing on this matter, it was conceded that possession of the goods had been returned to the plaintiff, rendering that question moot.

In effect, the plaintiff states a cause of action sounding in tort for wrongful seizure and detention of the goods and damages resulting from such seizure and wrongful detention. It is contended by the defendants that the suit by the plaintiff is in essence a suit against the government. If this is a suit against the government, sovereign immunity would be preserved in the specific exceptions listed in 28 U.S.C. Section 2680. That statute, part of a chapter prescribing tort claims procedure, provides in pertinent part as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

\*  \*  \*  \*  \*  \*

"(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer."

This statute effectively forecloses any reliance by plaintiff on the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b). Plaintiff's counsel conceded as much in oral argument, recognizing that there was no cause of action cognizable under the Tort Claims Act.

Plaintiff alleged that this action was properly before this court by virtue of 28 U.S.C. Sec. 1340, which provides:

"The district courts shall have original jurisdiction of any civil action

arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court."

Plaintiff's reliance on this statute is misplaced. The courts have held that this provision is merely a general grant of jurisdiction to the district courts to entertain actions of a certain type. The section is not, however, a waiver of governmental immunity from suit or a consent to be sued. A mere statutory grant of general jurisdiction cannot be construed as authorizing a suit of this kind against the United States. Geurkink Farms, Inc. v. United States, 452 F.2d 643 (7th Cir. 1971). Rather, any reliance on the jurisdictional grant of Section 1340 "must be buttressed by some other statute specifically waiving the sovereign immunity of the United States in a particular type of action." Cooper Agency, Inc. v. McLeod, 235 F.Supp. 276 (E.D.S.C.1964), aff'd per curiam, 348 F.2d 919 (4th Cir. 1965). Plaintiff here has directed the court to no such buttressing statute.

**■** Plaintiff further contends that jurisdiction is conferred on this court by 28 U.S.C. Sec. 1361, a 1962 enactment which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." While invocation of this provision may have been appropriate before the government returned the seized merchandise to plaintiff, the action in its current stance is hardly appropriate for mandamus. For with the goods so long impounded now released, plaintiff's sole remaining assertion is for its damages resulting from the detention. By the instant Motion, the government contests the plaintiff's position that there is a cause of action justiciable in this court whereby the plaintiff could recover such damages. Mandamus is foreign to such a contest.

**■** Plaintiff argues that the conduct of the named defendants in seizing and detaining the goods was outside the scope of their authority, so that the suit is against them individually. Although the action is nominally against the four named defendants, and although the United States is not denominated as a party defendant, all of the named defendants have authority either over or through the Bureau of Customs, an administrative agency of the Department of the Treasury of the United States. A suit is in legal effect against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," or "if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). The effect of the instant action, if successful, would be to "expend itself on the public treasury," for there is little doubt that if plaintiff recovered a verdict against the named defendants individually, such verdict would eventually be enforceable against the United States. *Cf.* 19 U.S.C. Sec. 508, 28 U.S.C. Sec. 2006. The court must thus conclude that the action is one against the sovereign. The courts cannot entertain an unconsented suit which, while nominally against officers of the United States, is in reality against the government itself. Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); Dugan v. Rank, *supra*; Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 ·(1949); McQueary v. Laird, 449 F.2d 608 (10th Cir. 1971); Gardner v. Harris, 391 F.2d 885 (5th Cir. 1968); Switzerland Company v. Udall, 337 F.2d 56 (4th Cir. 1964); Arthur v. Fry, 300 F.Supp. 622 (E.D. Tenn.1969).

**■** The only exceptions to the general rule of sovereign immunity are "(1) action by officers beyond their statutory powers and (2) even though within the

scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." Dugan v. Rank, *supra*, 372 U.S. at 621–622, 83 S.Ct. at 1007. Justice Clark in *Dugan* quoted with approval the following language from Larson v. Domestic & Foreign Commerce Corp., *supra*, which language is also appropriate to the instant suit:

> "The mere allegation that the officer, acting officially, wrongfully holds property to which the plaintiff has title does not meet [the] requirement [that it must also appear that the action to be restrained or directed is not action of the sovereign]. True, it establishes a wrong to the plaintiff. But it does not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign.

> "(T)he action of an officer of the sovereign (be it holding, taking or otherwise legally affecting the plaintiff's property) can be regarded as so 'illegal' as to permit a suit for specific relief against the officer as an individual only if it is not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void." 372 U.S. at 622, 83 S.Ct. at 1007, quoting from 337 U.S. at 693, 701–702, 69 S.Ct. at 1463.

Neither of the two established exceptions applies here. First, the action of the Customs officers, agents and/or employees when they seized the goods aboard the SS MANI was clearly within the scope of their statutory powers. The enforcement provisions of the Tariff Act of 1930, 19 U.S.C. Sec. 1581 et seq., grant broad authority to Customs officers to go aboard vessels, to conduct reasonable searches, and to seize merchandise if it appears that a breach of the laws of the United States is being or has been committed. *Cf.* United States v. Kayser, 322 F.Supp. 52 (S.D.Ga. 1970). Thus the seizure accomplished and complained of here was not outside the scope of the Customs officers' statutory authorization.

■ Secondly, this court is of the opinion that the authority conferred to Customs officers, and the manner in which that authority was exercised in the instant suit, are not constitutionally void. In this connection, plaintiff asserts that because of the alleged wrongful detention of its property for a substantial length of time, and because of the defendants' refusal to relinquish the property in spite of numerous administrative requests and inquiries, the plaintiff has been deprived of the use of its property, it has suffered incidental and consequential damages, and it has thus been unconstitutionally deprived of its property without due process of law.

■ The reply to this contention is that the government is under no obligation to accord a judicial remedy in respect to claims against itself. For the sovereignty of the United States raises a presumption against its suability; it is therefore within Congress' discretion to impose such conditions and restrictions on the right to sue the United States as it deems proper. Broadway Open Air Theatre v. United States, 208 F.2d 257 (4th Cir. 1953). The plain meaning of 28 U.S.C. Sec. 2680(c) is that Congress did not intend to permit a suit against the United States for "any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise . . . ." The instant suit is precisely one arising in respect of the detention of merchandise by customs officers. Congress, by express language, has preserved the sovereign's immunity with respect to suits of that type.

> "(I)t is well within the power and discretion of Congress to limit, restrict, or condition the waiver of immunity of the United States against suits, or to exclude from the scope of the immunity suits upon certain types of claims; and the terms of the waiv-

er determine the jurisdiction of a court to entertain an action against the United States. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Broadway Open Air Theatre v. United States, 4 Cir., 208 F.2d 257." Powell v. United States, 233 F.2d 851 (10th Cir. 1956).

Since sovereign immunity means that the government has no duty to afford a judicial remedy for claims against itself, statutes either denying or withdrawing judicial remedies against the United States in respect to such claims are constitutional. Thompson v. Whittier, 185 F.Supp. 306 (D.D.C.1960), appeal dismissed, 365 U.S. 465, 81 S.Ct. 712, 5 L.Ed.2d 704 (1961).[1]

Plaintiff alleged in its Complaint that approximately two months after the seizure complained of, it filed a "Petition for Remission or Mitigation" with the defendants, pursuant to 19 U.S.C. Sec. 1618, requesting that the merchandise be released. Plaintiff further alleges that defendants refused to take action on its Petition, despite plaintiff's repeated requests. On April 12, 1972, plaintiff filed an amended Petition for Remission or Mitigation, and again, plaintiff asserts, the defendants refused to take action on the Petition, or to initiate forfeiture proceedings, or to release the seized merchandise. As has been stated, the merchandise was not in fact released until the present suit was brought.

The statute under which plaintiff sought administrative relief provides in pertinent part:

"Whenever any person interested in any . . . merchandise or baggage seized under the provisions of this chapter (Tariff Act of 1930), or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury if under the customs laws or under the navigation laws, before the sale of such . . . merchandise, or baggage a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, if he finds that such fine, penalty, or forfeiture was incurred without wilful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto. . . ." 19 U.S.C.A. Sec. 1618 (1973 Supp.).

While assuming the validity of the general proposition that remission of forfeitures under this statute is within the sole, exclusive, and discretionary province of the Secretary of the Treasury and that the courts are powerless to review his decisions, the Fourth Circuit has indicated in United States v. Edwards, 368 F.2d 722 (4th Cir. 1966) that jurisdiction may attach where there is strong evidence of governmental dalliance. In that case, the taxpayer owned several coin-operated "gaming devices" upon which he paid taxes, utilizing a form prescribed by the Treasury Department. The court found that the form misled the taxpayer so that he misinterpreted the law. As a result of his misapprehension of the applicable law, the taxpayer had five of his machines seized by the United States. The government asserted that the Secretary had the sole discretion to determine if a re-

---

[1]. The district court opinion was rendered by a three-judge court convened pursuant to 28 U.S.C. Sec. 2282. The Supreme Court, in its per curiam order dismissing the appeal, held that the case did not properly arise under that statute, and therefore the district court order was not directly appealable to the Supreme Court under 28 U.S.C. Sec. 1253. The Supreme Court did not vacate the lower court decision; it merely dismissed the current appeal and gave the appellant leave to pursue his perfected appeal in the appropriate Court of Appeals. Apparently no such appeal was taken.

mission of the forfeiture under Sec. 1618 should be made, and that such administrative decision was not subject to review in the court. On this basis the district court granted judgment for the government. The Fourth Circuit, concerned that although the taxpayer's Petition for administrative relief had been denied, no reasons for the denial had been communicated to the taxpayer, and further concerned over the unrebutted assertion that the Secretary invariably denied such claims for remission of forfeiture, vacated the district court's decision and remanded the case for a *de novo* hearing "to supplement the record and to clarify the facts." In the course of its decision, the Fourth Circuit noted, "In a less extreme situation than that suggested here, it has been held that mandamus may issue to compel the Secretary to consider and act upon the merits pursuant to the power given him by 19 U.S.C.A. Sec. 1618." 368 F.2d at 724.

Though *Edwards* indicates that a district court may, under such special circumstances, have jurisdiction over an administrative proceeding such as was instituted by the plaintiff here prior to bringing suit, that decision is inapplicable to the case at bar. For in *Edwards* the seized merchandise apparently remained in possession of the government throughout the litigation, whereas here, though belatedly, the property has been returned to its owner. Further, there is no indication in the statute, nor in any of the cases construing that provision, that the term "remission or mitigation" means anything other than release of the merchandise subject to forfeiture. Certainly there is no intimation that such "remission or mitigation" would necessarily include compensation for damages resulting from the goods' detention. Any such award for resulting damages would have to be made by the Secretary in acting on an appropriately filed Petition, and this court could interfere in the Secretary's treatment of such Petition only if he failed to consider the Petition upon the merits. United States v. Edwards, *supra*.

▆ Finally, counsel for plaintiff at oral argument contended that this court's jurisdiction may attach to this controversy through operation of 28 U.S.C. Sec. 2006. That statute merely provides that upon a successful suit by a taxpayer against a revenue officer for acts performed in pursuance of his official duties, upon proper certification by the court such judgment will be paid out of the United States Treasury. Undoubtedly if plaintiff here were permitted to go forward with his suit and gained a verdict against the named defendants, such judgment would be paid by the United States under authority of this statute. However, the statute cannot be said to confer jurisdiction in the first instance, and there is no merit to plaintiff's reliance upon this provision as a jurisdictional device.

▆ Although the court is sympathetic with the plight of the plaintiff, who has been deprived of the use of its property for a substantial period of time, and whose proper requests for administrative relief were ignored until suit was brought, nevertheless the court can find no justification in the law for its jurisdiction attaching to this suit for the purposes of affording the plaintiff the resulting and consequential damages it seeks. The court must conclude that this action cannot be maintained because of the sovereign immunity of the United States. For, in substance, this is an action against the United States. And since the United States, an essential party, has not consented to be sued under the circumstances of this case, the action must be dismissed.

For the reasons stated, defendants' Motion to Dismiss is granted, and the cause of action against the defendants is dismissed with prejudice.

And it is so ordered.