Avis **DRISKILL** and Bobby
Driskill, Petitioners,

v.

The **STATE** of Texas, Respondent.

No. C–9408.

Supreme Court of Texas.

April 18, 1990.

W. Bruce Cottongame, Carol A. Swanda, Fort Worth, for petitioners.

John W. Kennedy, Jim Mattox, Delmar L. Cain, Austin, for respondent.

OPINION

DOGGETT, Justice.

In this case we consider both whether the State is immune from suit for injuries caused by the negligent operation of a motor vehicle by an employee of the State Comptroller and whether a claimant's release of a state employee has the effect of releasing the State. The trial court granted summary judgment for the State on grounds of immunity and release, and the court of appeals affirmed. 779 S.W.2d 945. We reverse the judgment of the court of appeals in part and affirm in part.

Avis Driskill was struck by a car driven by Debra Cearnal, an employee of the State Comptroller, who was driving from one local business, where she discussed payment of delinquent taxes, to another. The Driskills settled with and released Cearnal prior to the filing of this suit. Contending both that this release precluded liability against it and that sovereign immunity had not been statutorily waived for claims arising from the assessment or collection of taxes, the State moved for summary judgment.

The Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code §§ 101.001–101.109 (Vernon 1986 & Supp.1990), as enacted in 1970,

waived sovereign immunity to permit suit against the State for certain types of negligent conduct. This Act did not preserve blanket immunity to the State Comptroller for the conduct of its employees; immunity was preserved only for claims arising "in connection with the assessment or collection of taxes by a governmental unit." Tex.Civ.Prac. & Rem.Code Ann. § 101.055 (Vernon 1986). The extent of the immunity preserved by this tax collection exception was considered in *Harris County v. Dowlearn*, 489 S.W.2d 140, 146–47 (Tex.Civ.App. —Houston [14th Dist.] 1972, writ ref'd n.r. e.). There the court held that a person injured by a falling wall panel while waiting to pay automobile taxes had a claim against the State because her injuries resulted from the government's negligence apart from its tax collecting function.

■ The exceptions to the waiver of sovereign immunity contained in the Texas Tort Claims Act are patterned after those contained in the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1982 & Supp.1989). Tex. House Interim Comm. to Study Doctrine of Sovereign Immunity, Report to the 61st Leg., 7 (1969) [hereinafter House Report]. The exclusion contained in Section 101.055 of the Texas Act for claims arising "in connection with assessment or collection of taxes by a governmental unit," thus closely tracks the federal exclusion for "[a]ny claim arising in respect of the assessment or collection of any tax...." 28 U.S.C. § 2680(c) (1982). Prior to the passage of the Texas Tort Claims Act, the federal counterpart had been construed to limit the United States' governmental immunity to claims regarding injuries which result *directly* from the assessment or collection of taxes. *See Broadway Open Air Theatre, Inc. v. United States*, 208 F.2d 257, 259 (4th Cir.1953); *United States v. Banner*, 226 F.Supp. 904, 905 (N.D.N.Y. 1963); *Paige v. Dillon*, 217 F.Supp. 18, 20

(S.D.N.Y.1963).[1] We adopt a similar construction for Section 101.055 of the Tort Claims Act.

Our decision today is consistent with our interpretation of other exceptions to the waiver of immunity contained in the Tort Claims Act. In *State v. Terrell*, 588 S.W.2d 784 (Tex.1979), we considered the extent of protection from suit for police and fire departments afforded by Section 101.055(3) of the Act for policy decisions as to when and how to provide protection. Interpreting that exception narrowly, we held that the State could be sued for injuries arising from the negligent non-emergency operation of a police vehicle because the legislature intended to exclude only those acts or omissions which constitute the execution of or actual making of policy decisions concerning protection. Similarly, we conclude that the legislature intended to limit the Comptroller's immunity to only those acts or omissions which constitute implementation of policy decisions on how to collect or assess taxes.

■ We then turn to the question of whether the Driskills released the State from liability by settling with its employee, Ms. Cearnal. In a claim against an employer for injuries proximately caused by the negligence of an employee acting within the scope of her employment, one must show that "the employee would be personally liable to the claimant according to Texas law." Tex.Civ.Prac. & Rem.Code § 101.021(1)(B) (Vernon 1986). As a general rule, the settlement with and release of an employee does not bar a subsequent action against the employer under the doctrine of respondeat superior for any damages that have not been fully satisfied. *Knutson v. Morton Foods, Inc.*, 603 S.W.2d 805, 807 (Tex.1980). The State argues that respondeat superior does not apply to suits brought under the Tort Claims Act because its statutory origin bars application of common law doctrine. This contention contradicts clear legislative intent

**1.** Subsequent federal decisions continue to impose a requirement that the injuries arise from conduct directly related to the seizure of property or the gathering of information necessary for tax collection purposes. *See, e.g., Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299 (5th Cir.1985), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716; *Capozzoli v. Tracey*, 663 F.2d 654 (5th Cir.1981); *Morris v. United States*, 521 F.2d 872 (9th Cir.1975); *Scott v. Internal Revenue Service*, 622 F.Supp. 537 (E.D. Tenn.1985).

that when immunity is waived the State is to be treated in the same manner as any private litigant. House Report, *supra,* at 3, 7, 12; Tex. Senate Interim Comm. to Study Governmental Immunity, Report to the 61st Leg., 8, 11 (1969); *see City of Denton v. Mathes,* 528 S.W.2d 625, 632 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). The court of appeals correctly followed *Knutson* in holding that the Driskills' release of Cearnal did not bar a subsequent suit against the State on the theory of respondeat superior.

We hold that a State Comptroller's employee is not engaged in conduct directly related to the assessment or collection of taxes when driving from one collection site to another and that a claimant's release of a state employee does not have the effect of releasing the State from liability. Therefore, we reverse that portion of the judgment of the court of appeals holding the State immune from suit, affirm that portion holding that suit was not barred by the release, and remand the cause to the trial court for further proceedings consistent with this opinion.