In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-401 CV


____________________



VIDOR INDEPENDENT SCHOOL DISTRICT, Appellant



V.



LEVI BENTSEN, by and through his next friend, GLYNDA BENTSEN


and GLYNDA BENTSEN, individually, Appellees






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D030936-C






MEMORANDUM OPINION


 Vidor Independent School District ("Vidor") brings this interlocutory appeal from the
trial court's denial of Vidor's plea to the jurisdiction, which was based on sovereign
immunity. The underlying suit was brought by Levi Bentsen and Glynda Bentsen, his
mother, against Vidor and Wilt Alexander, III, an employee of Vidor, for personal injuries
sustained by Levi. (1) Levi was injured when Alexander used a rope attached to his personal
truck to move a concrete picnic table. Levi became entangled in the rope while it was
attached to the truck and dragged by it. The Bentsens sued Vidor and Alexander alleging
Levi's injuries were caused by the operation or use of a motor-driven vehicle. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(1)(A) (Vernon 1997). The trial court severed the cause
against Alexander and pursuant to settlement dismissed all claims against him. 
Subsequently, Vidor filed an amended plea to the jurisdiction noting the dismissal of
Alexander from the suit. In its amended plea, Vidor contended immunity has not been
waived because Alexander is no longer liable to the Bentsens, and because the Bentsens
failed to plead facts establishing a waiver, including any facts establishing proximate cause.
The trial court denied Vidor's plea. From that order, Vidor appeals raising two issues.

 Sovereign immunity encompasses two distinct legal principles: immunity from suit
and immunity from liability. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999)
(per curiam). Immunity from liability does not affect a court's jurisdiction to hear a case, but
rather is an affirmative defense and must be pleaded to prevent waiver. Id. Immunity from
suit defeats a trial court's subject-matter jurisdiction over a lawsuit and is properly asserted
in a plea to the jurisdiction. Id.

 Because the question of subject-matter jurisdiction is a question of law, we review de
novo a trial court's order denying a jurisdictional plea based on sovereign immunity. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Where, as here, there was
no evidence presented to the trial court on the jurisdictional issue, we look solely to the
pleadings to determine whether the trial court's jurisdiction was properly invoked. See
Archibeque v. North Tex. State Hosp.-Wichita Falls Campus, 115 S.W.3d 154, 157 (Tex.
App.--Fort Worth 2003, no pet.).

 Vidor's first issue maintains the trial court erred in denying its plea because there is
no waiver of immunity from liability under Tex. Civ. Prac. & Rem. Code Ann. §
101.021(1)(B) (Vernon 1997). A governmental unit is liable for personal injury caused by
the wrongful act or omission or negligence of an employee if "the employee would be
personally liable to the claimant according to Texas law." Id. Vidor reasons that because
of the settlement and release, Alexander could not be personally liable to the Bentsens and
therefore immunity has not been waived.

 Vidor recognizes that in Driskill v. State, 787 S.W.2d 369, 371 (Tex. 1990), the
Supreme Court of Texas held "a claimant's release of a state employee does not have the
effect of releasing the State from liability." Vidor, however, claims the later case of DeWitt
v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995), supports its position. Vidor also relies
upon K.D.F. v. Rex, 878 S.W.2d 589, 597 (Tex. 1994), and City of Houston v. Kilburn, 849
S.W.2d 810, 812 (Tex. 1993). All three of these cases recognized that if the employee is
entitled to official immunity, then the governmental unit's sovereign immunity remains
intact. DeWitt, 904 S.W.2d at 654; K.D.F., 878 S.W.2d at 597; and Kilburn, 849 S.W.2d at
812. As DeWitt explained, "official immunity, like any other affirmative defense the
employee may have, becomes relevant to the governmental entity's liability." DeWitt, 904
S.W.2d at 654. The Court noted that a governmental entity, "were it a private person, . . .
would be entitled to assert any affirmative defenses its employee has to liability." Id. 

 Relying on DeWitt, Vidor contends "the employer is entitled to assert any defense
available to the employee." In this case, it is the affirmative defense of release that Vidor
seeks to assert. However, Vidor's argument ignores Knutson v. Morton Foods, Inc., 603
S.W.2d 805, 806 (Tex. 1980), wherein the Texas Supreme Court held "the unity of release
rule does not apply to a settlement by an employee or agent to release his principal." See
also McMillen v. Klingensmith, 467 S.W.2d 193 (Tex. 1971). The Driskill court cited
Knutson as support for recognizing that "[a]s a general rule, the settlement with and release
of an employee does not bar a subsequent action against the employer under the doctrine of
respondeat superior for any damages that have not been fully satisfied." (2) Driskill. 787
S.W.2d at 370 (citing Knutson, 603 S.W.2d at 807). Nothing in DeWitt suggests the Court
intended that a governmental entity is entitled to assert affirmative defenses that, if it were
a private entity, the private entity would not be entitled to raise. DeWitt allows governmental
units to raise the same affirmative defenses private employers may raise. It did not overrule
Driskill and permit governmental units to raise an affirmative defense that is not available
to private employers.

 Further, the statutory language of section 101.021(1)(B) clearly states the issue as
whether the employee would be liable. Official immunity protects individual employees
from liability. See DeWitt, 904 S.W.2d at 653. Therefore, as DeWitt recognized and in 
accordance with the statue, an employee who has official immunity would not be liable; i.e.,
liability never arose. The statute does not provide, as Vidor seeks to interpret it, that a
governmental unit is not liable if the employee would have been, but no longer is, liable. We
overrule issue one.

 In issue two, Vidor asserts the Bentsens failed to plead facts establishing a waiver of
sovereign immunity. The Bentsens allege Levi was injured when Alexander dragged him
by a rope attached to a motor-driven vehicle. Vidor claims Levi was injured when his feet
became entangled in the rope and he fell, thereby allowing him to be dragged several feet. 
Thus, Vidor contends, Levi's injuries were caused by the rope, not the vehicle. 

 To establish a waiver of immunity from suit under section 101.021(1), a plaintiff need
only allege that a motor-driven vehicle was used or operated, and that there was a nexus
between the injury and the operation or use of the motor-driven vehicle by a government
employee. See LeLeaux v. Hamshire-Fannett Ind. Sch. Dist., 835 S.W.2d 49, 51 (Tex.
1992). The Texas Supreme Court in LeLeaux held that "'use' means 'to put or bring into
action or service; to employ for or apply to a given purpose' and '[o]peration' refers to 'a
doing or performing of a practical work.'" LeLeaux, 835 S.W.2d at 51 (quoting Mount
Pleasant Indep. Sch. Dist. v. Estate of Lindberg, 766 S.W.2d 208, 211 (Tex. 1989)(citations
omitted)). In the present case, "use" occurred when Alexander put his vehicle into action
for the purpose of moving the concrete table. Consequently, the Bentsens have alleged that
a motor-driven vehicle was used or operated.

 We next examine whether the Bentsens alleged a nexus between the injury and use
of the motor-driven vehicle. The statute provides the injury must "arise from" the use of the
vehicle. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A). The Court determined 
in LeLeaux that "arises from" requires there be some connection between the injury
negligently caused by a governmental employee and the act of using or operating the vehicle.
 See LeLeaux, 835 S.W.2d at 51. The Bentsens contend the injuries are connected to the use
of the truck because Levi's injuries resulted from being dragged by the truck. 

 Vidor argues Levi's injuries were not caused by the use of the vehicle, but rather by
Levi becoming entangled in the rope. Vidor suggests the motor vehicle was "the setting"
for Levi's injuries, thus the injury did not arise from the use of the vehicle. Vidor relies on
a number of cases in support of its contention. That reliance is misplaced because in those
cases the vehicle was merely the situs of the injury and the operation of the vehicle did not
cause it to become an active participant in the events which caused the injury. See LeLeaux,
835 S.W.2d at 51 (school district was not liable when a student hit her head jumping through
emergency door on parked and unattended school bus); Hopkins v. Spring Indep. Sch. Dist.,
736 S.W.2d 617, 619 (Tex. 1987) (school district was not liable for failing to provide
adequate medical care to a student with cerebral palsy who suffered convulsions while on a
school bus); Luna v. Harlingen Consol. Indep. Sch. Dist., 821 S.W.2d 442, 445 (Tex. App.--Corpus Christi 1991, writ denied) (even though the school district had control over the
planning and layout of the bus stop, the school district was not liable when children were hit
by third party's vehicle while awaiting arrival of school bus at the poorly planned location);
Naranjo v. Southwest Indep. Sch. Dist., 777 S.W.2d 190, 192-93 (Tex. App.--San Antonio
1989, writ denied) (school district was not liable when students suffered injuries while
working on a privately owned vehicle in an auto mechanics class); Heyer v. North East
Indep. Sch. Dist., 730 S.W.2d 130, 132 (Tex. App.--San Antonio 1987, writ ref'd n.r.e.)
(school district was not liable when a third party lost control of a private vehicle and hit
students waiting at bus stop on the school grounds); Estate of Garza v. McAllen Indep. Sch.
Dist., 613 S.W.2d 526 (Tex. Civ. App.--Beaumont 1981, writ ref'd n.r.e.) (school district was
not liable when a student was stabbed to death by third party while riding school bus). 

 In the case at bar, Alexander's vehicle was not simply the "place" where the injury
happened. The facts alleged do not establish that the rope, by itself, dragged Levi or that his
injuries were caused when he became entangled in the rope and fell. The alleged facts show
Levi's injuries were caused when the vehicle was put in operation and pulled on the rope,
causing Levi to be dragged by the vehicle. The rope as an inanimate object was incapable
of inflicting dragging injuries without the aid of a force acting upon the rope, which in this
case was the motor vehicle. Issue two is overruled and the trial court's order is affirmed.

 AFFIRMED.





 CHARLES KREGER 
 Justice


Submitted on February 24, 2005

Opinion Delivered July 14, 2005



Before Gaultney, Kreger, and Horton, JJ.
1. We note the current Election of Remedies Statute, Tex. Civ. Prac. & Rem. Code
Ann. § 101.106 (Vernon Supp. 2005), does not apply to this case, as the filing date of this
action (June 30, 2003) predates the effective date of the relevant amendments to the statute.
2. We do not address the issue of satisfaction, or whether a plea to the jurisdiction
would be the appropriate vehicle to raise that issue, as it has not been presented to either this
court or the trial court.