COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-09-362-CV

 

 

LINDA-CHERYL
 SKODA                                                                     APPELLANT

 

V.

 

MONTAGUE
 COUNTY                                                                       
 
 APPELLEES

AND
SYDNEY NOWELL

 

------------

 

FROM THE 97TH
DISTRICT COURT OF MONTAGUE
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Linda-Cheryl
Skoda appeals from the trial court’s order dismissing her suit against Montague
County and Sydney Nowell, the tax assessor-collector for Montague County.  We affirm.








Background

          The County sued Skoda to collect past
due property taxes.  After Skoda filed a
countersuit against both the County and Nowell, the County nonsuited its claims
against Skoda.  The County and Nowell
also filed special exceptions asserting that both are immune from Skoda’s
claims and asking the trial court to dismiss Skoda’s countersuit against
them.  The County claimed that it is immune
from suit under section 101.055(1) of the Texas Tort Claims Act (TTCA).  See Tex. Civ. Prac. & Rem. Code
Ann. § 101.055(1) (Vernon 2005).  Nowell
contended that she was entitled to dismissal under section 101.106(e) of the
TTCA, the election of remedies provision. 
Id. § 101.106(e) (Vernon 2005).

The
trial court granted the special exceptions and dismissed Skoda’s claims against
Nowell with prejudice under section 101.106(e). 
The trial court also ordered Skoda to replead as to the County, but the
order stated that if Skoda failed to replead within thirty days, the case would
be dismissed. See Friesenhahn v.
Ryan, 960 S.W.2d 656, 658 (Tex. 1998) (providing that upon sustaining
special exceptions, trial court must give pleader opportunity to replead unless
defect cannot be cured); Ford v.
Performance Aircraft Servs., Inc., 178 S.W.3d 330, 336 (Tex. App.––Fort
Worth 2007, pet. denied).  Skoda failed
to replead; she therefore appeals the trial court’s dismissal of her claims
against both the County and Nowell.

 

 

Analysis

          Skoda
does not bring specified issues or points, instead she contends generally that
the County and Nowell are not immune from the claims she asserted in her
countersuit.[2]

Did
the Trial Court Properly Dismiss Skoda’s Claims Against Nowell?

          Section 101.106 of the TTCA provides,
in pertinent part:

(a)  
The
filing of a suit under this chapter against a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against any individual employee of the
governmental unit regarding the same subject matter.

 

. . . .

 

(e) If a suit is
filed under this chapter against both a governmental unit and any of its
employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.

          

Tex.
Civ. Prac. & Rem. Code Ann. § 101.106(a), (e).

          Under the TTCA’s election scheme,
recovery against an individual employee is barred and may be sought against
only the governmental unit in three instances: 
(1) when suit is filed against the governmental unit only, id. § 101.106(a); (2) when suit is filed
against both the governmental unit and its employee, id. § 101.106(e);
or (3) when suit is filed against an employee whose conduct was within the
scope of his or her employment and the suit could have been brought against the
governmental unit, id. § 101.106(f). 
Section 101.106 “is designed to force a plaintiff to decide at the
outset whether an employee acted independently, and is thus solely liable, or
whether she acted within the general scope of her employment so that the
governmental unit is vicariously liable.” 
Mission Consol. ISD v. Garcia, 253 S.W.3d 653, 656–57 (Tex.
2008); Tex. Bay Cherry Hill, L.P. v. City of Fort Worth, 257 S.W.3d 379,
397 (Tex. App.—Fort Worth 2008, no pet.). 
The TTCA’s definition of “employee” includes elected officials.  Tex.
Bay Cherry Hill, 257 S.W.3d at 398­–99.

          All tort theories alleged against a
governmental unit are brought “under the [TTCA]” for purposes of section
101.106.  Garcia, 253 S.W.3d at
659; Tex. Bay Cherry Hill, 257 S.W.3d at 400.  However, claims against the government
brought pursuant to waivers of sovereign immunity that exist apart from the
TTCA are not brought “under [the TTCA].” 
See Garcia, 253 S.W.3d at 659; Swain v. Hutson, No. 02-09-00038-CV, 2009 WL 3246750, at *4–5 (Tex.
App.––Fort Worth Oct. 8, 2009, pet. denied) (mem. op.).  Whether a plaintiff sues a governmental
employee in the employee’s official or individual capacity is irrelevant under
the applicable subsections of section 101.106 because all tort theories alleged
against a governmental unit are assumed to be claims under the TTCA for
purposes of section 101.106.  Tex. Bay
Cherry Hill, 257 S.W.3d at 401.

          A governmental entity perfects the
statutory right to a dismissal of its employee upon the filing of a motion to
dismiss.  Brown v. Ke-Ping Xie,
260 S.W.3d 118, 122 (Tex. App.––Houston [1st Dist.] 2008, no pet.); Villasan
v. O’Rourke, 166 S.W.3d 752, 758 (Tex. App.—Beaumont 2005, pet.
denied).  Even if the plaintiff amends
her petition after the governmental entity files a motion to dismiss, the
amended petition does not moot the right created by the filing of a motion
under section 101.106.  Villasan,
166 S.W.3d at 758.

          Nowell filed her motion to dismiss under
section 101.106(e) based on Skoda’s first amended countersuit and jury demand,
thus perfecting her statutory right to dismissal upon the filing of that
motion.  See Brown, 260 S.W.3d at 122;
Villasan, 166 S.W.3d at 758.  We
therefore look to the allegations set forth in Skoda’s first amended countersuit
to determine whether the trial court erred by dismissing Skoda’s claims against
Nowell.  See Brown, 260 S.W.3d at 122; Villasan,
166 S.W.3d at 758.

          In her first amended countersuit,
Skoda alleged that the County lacked jurisdiction to sue her for past-due
property taxes and that Nowell, by the taking of her official constitutional
oath as tax assessor-collector, was a party to the countersuit for breaching
her constitutional oath as tax assessor-collector and filing a fraudulent suit
for past-due property taxes.  All of
Skoda’s claims against Nowell arise out of the County’s suit for past-due
property taxes.  In essence, Skoda
contends that the County, under Nowell’s direction, wrongfully sued her.

Skoda
does not allege any statutory theory of recovery against the County and Nowell
independent of the common law; thus, all of her claims fall “under this
chapter” for purposes of section 101.106(e). 
Garcia, 253 S.W.3d at 659; Tex. Bay Cherry Hill, 257 S.W.3d at 400.  Accordingly, the trial court did not err by
dismissing Skoda’s claims against Nowell pursuant to subsection 101.106(e),
regardless of whether Skoda’s claims are against Nowell in her official or
individual capacity.  Garcia, 253 S.W.3d at 659–60; Tex. Bay Cherry Hill, 257 S.W.3d at 400–01.

Did the
Trial Court Properly Dismiss Skoda’s Claims Against the County?

          Skoda sought damages from the County
for its filing a suit against her to recover past due property taxes.  Section 101.055(1) of the civil practice and
remedies code states that the TTCA’s limited waiver of governmental immunity for
certain tort claims does not apply to a claim arising in connection with the
assessment or collection of taxes by a governmental unit.  Tex. Civ. Prac. & Rem. Code Ann. § 101.055(1).  This preservation of governmental immunity
extends to acts or omissions that constitute an implementation of policy
decisions on how to collect or assess taxes. 
Driskill v. State, 787 S.W.2d
369, 370 (Tex. 1990); see Establishment
of Religion Devotion Christian Ministries Non Denomination Cmty. of Jesus
Christ v. County of Atascosa, No. 04-03-00932-CV, 2005 WL 154200, at *1
(Tex. App.––San Antonio Jan. 26, 2005, no pet.) (mem. op.) (applying section
101.055 to property tax assessment and collection).  Skoda’s claims are directly related to the
County’s decision to sue her for back property taxes and thus its policy
decision to utilize an authorized method for collecting such taxes.  See
Tex. Const. art. VIII, § 9 (setting forth maximum property tax counties may
levy), § 10 (prohibiting legislature from excusing citizens from property taxes
except in emergency circumstances), § 14 (providing for election of tax
assessor-collector for each county); Tex. Tax Code Ann. § 33.41 (Vernon
2008) (providing authority for taxing unit to sue to collect tax by foreclosing
tax lien or to enforce personal liability, or both).  Thus, the trial court did not err by
concluding that Skoda’s claims against the County are barred by governmental
immunity.

Conclusion

          Having determined that the trial court
did not err by dismissing Skoda’s suit against the County and Nowell, we affirm
the trial court’s judgment.

 

 

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

 

DELIVERED:  August 5, 2010











[1]
See Tex. R. App. P. 47.4.





[2]Although
Skoda includes argument and authorities in her brief, most of them appear to go
to the merits of whether the County could have succeeded in its initial suit
against her.  However, we have
interpreted her complaints to include a challenge to the dismissals based on
the reasons given by the trial court in its order.  See
Tex. R. App. P. 38.9 (providing that we are to construe briefs liberally).