

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-362-CV

LINDA-CHERYL SKODA                                           APPELLANT

V.

MONTAGUE COUNTY                                             APPELLEES
AND SYDNEY NOWELL

------------

## FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Linda-Cheryl Skoda appeals from the trial court's order dismissing her suit against Montague County and Sydney Nowell, the tax assessor-collector for Montague County.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background

The County sued Skoda to collect past due property taxes. After Skoda filed a countersuit against both the County and Nowell, the County nonsuited its claims against Skoda. The County and Nowell also filed special exceptions asserting that both are immune from Skoda's claims and asking the trial court to dismiss Skoda's countersuit against them. The County claimed that it is immune from suit under section 101.055(1) of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(1) (Vernon 2005). Nowell contended that she was entitled to dismissal under section 101.106(e) of the TTCA, the election of remedies provision. *Id.* § 101.106(e) (Vernon 2005).

The trial court granted the special exceptions and dismissed Skoda's claims against Nowell with prejudice under section 101.106(e). The trial court also ordered Skoda to replead as to the County, but the order stated that if Skoda failed to replead within thirty days, the case would be dismissed. *See Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) (providing that upon sustaining special exceptions, trial court must give pleader opportunity to replead unless defect cannot be cured); *Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 336 (Tex. App.—Fort Worth 2007, pet. denied). Skoda failed to replead; she therefore appeals the trial court's dismissal of her claims against both the County and Nowell.

# Analysis

Skoda does not bring specified issues or points, instead she contends generally that the County and Nowell are not immune from the claims she asserted in her countersuit.[2]

## Did the Trial Court Properly Dismiss Skoda's Claims Against Nowell?

Section 101.106 of the TTCA provides, in pertinent part:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

. . . .

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a), (e).

Under the TTCA's election scheme, recovery against an individual employee is barred and may be sought against only the governmental unit in three instances: (1) when suit is filed against the governmental unit only, *id.* § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose

---

[2]Although Skoda includes argument and authorities in her brief, most of them appear to go to the merits of whether the County could have succeeded in its initial suit against her. However, we have interpreted her complaints to include a challenge to the dismissals based on the reasons given by the trial court in its order. *See* Tex. R. App. P. 38.9 (providing that we are to construe briefs liberally).

conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f). Section 101.106 "is designed to force a plaintiff to decide at the outset whether an employee acted independently, and is thus solely liable, or whether she acted within the general scope of her employment so that the governmental unit is vicariously liable." *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 656–57 (Tex. 2008); *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 397 (Tex. App.—Fort Worth 2008, no pet.). The TTCA's definition of "employee" includes elected officials. *Tex. Bay Cherry Hill*, 257 S.W.3d at 398–99.

All tort theories alleged against a governmental unit are brought "under the [TTCA]" for purposes of section 101.106. *Garcia*, 253 S.W.3d at 659; *Tex. Bay Cherry Hill*, 257 S.W.3d at 400. However, claims against the government brought pursuant to waivers of sovereign immunity that exist apart from the TTCA are not brought "under [the TTCA]." *See Garcia*, 253 S.W.3d at 659; *Swain v. Hutson*, No. 02-09-00038-CV, 2009 WL 3246750, at *4–5 (Tex. App.—Fort Worth Oct. 8, 2009, pet. denied) (mem. op.). Whether a plaintiff sues a governmental employee in the employee's official or individual capacity is irrelevant under the applicable subsections of section 101.106 because all tort theories alleged against a governmental unit are assumed to be claims under the TTCA for purposes of section 101.106. *Tex. Bay Cherry Hill,* 257 S.W.3d at 401.

A governmental entity perfects the statutory right to a dismissal of its employee upon the filing of a motion to dismiss. *Brown v. Ke-Ping Xie*, 260

4

S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Villasan v. O'Rourke*, 166 S.W.3d 752, 758 (Tex. App.—Beaumont 2005, pet. denied). Even if the plaintiff amends her petition after the governmental entity files a motion to dismiss, the amended petition does not moot the right created by the filing of a motion under section 101.106. *Villasan*, 166 S.W.3d at 758.

Nowell filed her motion to dismiss under section 101.106(e) based on Skoda's first amended countersuit and jury demand, thus perfecting her statutory right to dismissal upon the filing of that motion. *See Brown*, 260 S.W.3d at 122; *Villasan*, 166 S.W.3d at 758. We therefore look to the allegations set forth in Skoda's first amended countersuit to determine whether the trial court erred by dismissing Skoda's claims against Nowell. *See Brown*, 260 S.W.3d at 122; *Villasan*, 166 S.W.3d at 758.

In her first amended countersuit, Skoda alleged that the County lacked jurisdiction to sue her for past-due property taxes and that Nowell, by the taking of her official constitutional oath as tax assessor-collector, was a party to the countersuit for breaching her constitutional oath as tax assessor-collector and filing a fraudulent suit for past-due property taxes. All of Skoda's claims against Nowell arise out of the County's suit for past-due property taxes. In essence, Skoda contends that the County, under Nowell's direction, wrongfully sued her.

Skoda does not allege any statutory theory of recovery against the County and Nowell independent of the common law; thus, all of her claims fall "under this chapter" for purposes of section 101.106(e). *Garcia*, 253 S.W.3d at 659; *Tex.*

5

*Bay Cherry Hill*, 257 S.W.3d at 400. Accordingly, the trial court did not err by dismissing Skoda's claims against Nowell pursuant to subsection 101.106(e), regardless of whether Skoda's claims are against Nowell in her official or individual capacity. *Garcia*, 253 S.W.3d at 659–60; *Tex. Bay Cherry Hill*, 257 S.W.3d at 400–01.

**Did the Trial Court Properly Dismiss Skoda's Claims Against the County?**

Skoda sought damages from the County for its filing a suit against her to recover past due property taxes. Section 101.055(1) of the civil practice and remedies code states that the TTCA's limited waiver of governmental immunity for certain tort claims does not apply to a claim arising in connection with the assessment or collection of taxes by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 101.055(1). This preservation of governmental immunity extends to acts or omissions that constitute an implementation of policy decisions on how to collect or assess taxes. *Driskill v. State*, 787 S.W.2d 369, 370 (Tex. 1990); *see Establishment of Religion Devotion Christian Ministries Non Denomination Cmty. of Jesus Christ v. County of Atascosa*, No. 04-03-00932-CV, 2005 WL 154200, at *1 (Tex. App.—San Antonio Jan. 26, 2005, no pet.) (mem. op.) (applying section 101.055 to property tax assessment and collection). Skoda's claims are directly related to the County's decision to sue her for back property taxes and thus its policy decision to utilize an authorized method for collecting such taxes. *See* Tex. Const. art. VIII, § 9 (setting forth maximum property tax counties may levy), § 10 (prohibiting legislature from excusing

6

citizens from property taxes except in emergency circumstances), § 14 (providing for election of tax assessor-collector for each county); Tex. Tax Code Ann. § 33.41 (Vernon 2008) (providing authority for taxing unit to sue to collect tax by foreclosing tax lien or to enforce personal liability, or both). Thus, the trial court did not err by concluding that Skoda's claims against the County are barred by governmental immunity.

## Conclusion

Having determined that the trial court did not err by dismissing Skoda's suit against the County and Nowell, we affirm the trial court's judgment.


TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED:  August 5, 2010

7